IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR-11-1834-PHX-NVW |
| ) | CV-12-898-PHX-NVW (LOA) |
| Plaintiff/Respondent, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Francisco Aguilera-Montoya, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

This case is before the Court on Defendant Francisco Aguilera-Montoya's ("Movant") *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1[1]) The United States ("Respondent") filed a Response, doc. 8, but Movant did not file a Reply and the time to do so has expired.

**I. Procedural Background**

On September 5, 2011, Movant was arrested by Immigration and Enforcement agents and, two days later, was charged via Complaint with Reentry of Removed Alien, a felony, in violation of 8 U.S.C. § 1326(a), as the sentence may be enhanced by § 1326(b)(1). (CR doc. 1) On September 20, 2011, Movant waived his right to proceed by indictment and Respondent filed an information, charging Movant with same crime alleged in the Complaint.

---

[1] Citations to "CR doc. ___" are to the record in the underlying criminal matter, CR-11-1834-PHX-NVW. Citations to "Doc. ___" or "doc. ___" are to the record in CV-12-898-PHX-NVW (LOA), the civil case opened upon the filing of the Motion to Vacate.

1  (CR doc. 7) That same day, Movant entered into a written plea agreement with Respondent
2  in which he pled guilty to Reentry of Removed Alien as alleged in the information. (CR doc.
3  23)

4  During the change-of-plea proceeding before Magistrate Judge David K. Duncan,
5  Movant admitted he was not a citizen or national of the United States and was removed from
6  the United States through Nogales, Arizona on February 24, 2005. (CR doc. 23 at 17)
7  Movant further admitted that, without obtaining the express consent of United States before
8  he returned to the United States, he voluntarily returned and was found in or near Phoenix,
9  Arizona on September 28, 2009. (*Id.* at 17-18)  Movant also admitted that, for sentencing
10 purposes, he was convicted of Aggravated Assault and Leaving the Scene of a Serious Injury
11 or Fatal Accident, both felonies, on December 4, 2003, in the Maricopa County Superior
12 Court, State of Arizona. (*Id.* at 18)  Movant admitted he was represented by an attorney in
13 that State matter and was sentenced to one-and-a-half years in prison for the aggravated
14 assault conviction and three years probation for the leaving-the-scene conviction. (*Id.*)

15 During the change-of-plea proceeding, Movant agreed to waive his rights to appeal
16 and collaterally attack his federal conviction and sentence, provided his sentence was
17 consistent with his plea agreement. (CR doc. 10 at 5; doc. 23 at 16-17)  As to his sentence,
18 Movant's plea agreement provided he be sentenced in accordance with the United States
19 Sentencing Guidelines ("Guidelines"), considering any prior felony enhancement and
20 reductions pursuant to the Attorney General's Early Disposition Program and Movant's
21 acceptance of responsibility. (CR doc. 10 at 2-4)  The sentencing ranges set forth in the plea
22 agreement varied according to any enhanced offense level for Movant's prior felony
23 conviction and his criminal history category.  (*Id.*)

24 Before asking Movant for his plea, Magistrate Judge Duncan inquired whether
25 someone read Movant the plea agreement before he signed it and whether he understood
26 everything in it, to which Movant responded, "Yes." (CR doc. 23 at 4)  Movant told
27 Magistrate Judge Duncan he had enough time to talk with his lawyer, had his questions
28 answered, and was satisfied with his counsel's representation to that point in time. (*Id.* at 4-5)

Movant further stated he understood the nature of the offense to which he was pleading guilty and the maximum penalties available for that offense. (*Id.* at 7-8) When asked if anyone forced him to plead guilty, made threats against him, or made any unwritten promises to him to get him to plead guilty, Movant answered, "No." (*Id.* at 9)  Movant also stated he understood the Court's explanation of how sentencing works in District Court and had no questions about sentencing. (*Id.* at 12-14)

Magistrate Judge Duncan also explained to Movant the rights he would be foregoing by pleading guilty. (*Id.* at 14)  Movant said he understood those rights and wished to give them up. (*Id.* at 16) When asked if he understood everything covered during the change-of-plea proceeding, Movant answered, "Yes." (*Id.* at 19)  Movant then pled guilty to a violation of 8 U.S.C. § 1326(a), as enhanced for sentencing purposes by § 1326(b)(1). (*Id.* at 20)  Magistrate Judge Duncan found Movant "knowingly, intelligently and voluntarily" entered his guilty plea, there was a factual basis for his plea, and Movant was competent to enter his plea. (*Id.* at 20-21)  Sentencing was scheduled for December 12, 2011, before the Honorable Charles B. Kornmann, a visiting United States District Judge. (*Id.* at 21)

A few days before the sentencing hearing, Judge Kornmann issued a Memorandum to all counsel, explaining he intended to reject the plea agreement at the sentencing hearing. (CR doc. 15)  Judge Kornmann explained that, in his view, "[t]he criminal history category of the defendant (IV) substantially under-represents the seriousness of the defendant's criminal history as well as the likelihood that he will commit other crimes." (*Id.*)

According to the presentence report ("PSR"), the U.S. Probation Officer determined Movant's offense level was ten and his criminal history category was IV. (Sealed doc. 10 at 15). As reflected in the PSR, the sentencing range under the Guidelines, and pursuant to the terms of the plea agreement, was 15 to 21 months in the Bureau of Prisons. (*Id.*)

The sentencing hearing was held as scheduled. (CR doc. 16)  Judge Kornmann rejected the plea agreement and determined Movant's criminal history category should be VI with an offense level of ten, thus providing a range of 24 to 30 months in prison. (CR doc. 22 at 3-5) Judge Kornmann stated he was inclined to sentence Movant to 30 months. (*Id.*

at 5) After hearing counsels' arguments and Movant's statements, Judge Kornmann indicated he was still inclined to impose an upward departure or variance, but "maybe a little bit less than what I indicated to you." (*Id.* at 11) Judge Kornmann then asked Movant if he wished to proceed with the sentencing or withdraw his guilty plea and proceed to trial. (*Id.*) Movant stated he wanted to proceed with sentencing and his counsel agreed. (*Id.*) Using the previously indicated Guideline range, Judge Kornmann then sentenced Movant to 26 months in prison and a three-year term of supervised release upon release from prison. (*Id.* at 11-14; CR doc. 17)

Following the imposition of the sentence, Judge Kornmann advised Movant he had 14 days from the date of judgment to file an appeal. (CR doc. 22 at 14) Judge Kornmann further explained:

> In the plea agreement you gave up the right to appeal. However, you did not give up that right when I have sentenced you to what's called an upward departure or upward variance. And so if you wish to appeal, you have that right.

(*Id.*) Judge Kornmann also advised Movant he could file his notice of appeal, or the Clerk of Court would do it for him upon request, without paying the statutory filing fee, and counsel would be appointed for him based on his indigent status. (*Id.*)

Movant did not file a direct appeal. On April 27, 2012, Movant filed a timely Motion to Vacate, Set Aside, or Correct Sentence ("Motion"), pursuant to 28 U.S.C. § 2255, and a brief in support of the Motion. (Doc. 1-2) Movant asserts four grounds for relief in the Motion: (1) the waiver of his right to appeal was not knowingly and intelligently entered; (2) he is actually innocent of a 16-level enhancement under Guideline § 2L1.2(b)(1) for a crime of violence because his prior State conviction does not qualify as an aggravated felony or crime of violence; (3) his counsel, CJA panel attorney Joanne Landfair, provided ineffective assistance by failing to investigate the Arizona conviction and determine that it does not qualify as an aggravated felony or crime of violence; and (4) his counsel provided ineffective assistance by allowing Movant to waive his right to appeal even though he was "actually innocent" of the enhancement offenses. Respondent filed its Response to the Motion on August 3, 2012. (Doc. 8) As noted above, Movant did not file a Reply.

- 4 -

## II. Analysis

Respondent addresses the merits of each of Movant's four grounds for relief. Respondent argues none of the grounds warrants relief and the Motion should be denied.

### A. Ground One

Regarding Movant's claim in Ground One, his waiver of appeal was not knowingly and intelligently entered, Respondent asserts this claim is without merit because Judge Kornmann made it clear at sentencing Movant retained the right to appeal in light of the Court's rejection of the plea agreement. In his brief in support of his Motion, Movant acknowledges the plea agreement containing the wavier was not accepted by Judge Kornmann. (Doc. 2 at 3) Despite this acknowledgment, Movant argues his waiver could not be knowingly and intelligently made because his counsel failed to advise him "he was not guilty of being convicted of a 'crime of violence' or aggravated felony which is necessary for the 8 or 16 level enhancement." (*Id.*)

The undersigned Magistrate Judge agrees with Respondent and finds Movant's claim in Ground One is without merit because Judge Kornmann clearly advised Movant that he retained his right to a direct appeal in his criminal case. (CR doc. 22 at 14-15) Thus, whether Movant knowingly and intelligently agreed to the waiver of appeal during the change of plea hearing became irrelevant once Judge Kornmann rejected the plea agreement and advised Movant of his right to appeal. The undersigned will, therefore, recommend Ground One be denied.

### B. Ground Two

As in Ground One, Movant's claim in Ground Two appears to be based on a misunderstanding of the facts. Movant claims he should not have received a 16-level enhancement under Guideline § 2L1.2(b)(1) for a crime of violence because his prior State conviction does not qualify as an aggravated felony or crime of violence. In his brief, Movant cites a Ninth Circuit case for the proposition that a conviction for Aggravated Assault under Arizona Revised Statute ("A.R.S.") § 13-1204(A)(ii) is not a crime of violence under Section 2L1.2 of the Guidelines. (Doc. 2 at 3) (citing *United States v. Esparaza-Herrera*, 557 F.3d

- 5 -

1019 (9th Cir. 2009)[2]).

As Respondent points out, the record is clear Movant did not receive a 16-level enhancement in his federal criminal case. As he explained at the sentencing hearing, Judge Kornmann determined the applicable Guideline range by using an adjusted base offense level of ten. (CR doc. 22 at 5, 9) Moreover, the PSR specifically states in the section regarding offense level computation that "[t]he defendant's aggravated assault conviction does not qualify as a crime of violence because the indictment to which the defendant pleaded guilty includes reckless conduct." (Sealed doc. 10 at 4) The Guideline computation shows Movant's base offense level was eight and only four levels were added for his aggravated assault and leaving-the-scene convictions. (*Id.*) Two levels were then subtracted for acceptance of responsibility, resulting in the total offense level of ten which Judge Kornmann used in determining the applicable Guideline range. (*Id.*)

As the record reflects, neither of Movant's Arizona convictions was determined to be a crime of violence for purposes of calculating his Guideline offense level, and he did not receive a 16-level offense enhancement. Movant's understanding of the facts, as set forth in Ground Two, is not accurate. As a result, Movant's claim in Ground Two based on those factual inaccuracies is without merit. The undersigned will recommend Ground Two be denied.

---

[2] In E*sparza-Herrera*, the Ninth Circuit engaged in a detailed "categorical approach" analysis of Arizona's aggravated assault statute and determined the *mens rea* for A.R.S. § 13-1204 "encompasses ordinary recklessness, and therefore [defendant's] conviction was not a conviction of generic aggravated assault or a crime of violence." 557 F.3d at 1025.

An Arizona conviction for Leaving the Scene of a Serious Injury or Fatal Accident, a felony, is not a crime of violence or an aggravated felony. In *Leocal v. Ashcroft*, 543 U.S. 1 (2005), the Supreme Court held that an alien's DUI conviction does not qualify as a "crime of violence" under 18 U.S.C. § 16 and, therefore, is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F); *see also United States v. Gomez-Leon*, 545 F.3d 777 (9th Cir. 2008) (finding district court erred in finding that vehicular manslaughter while intoxicated without gross negligence was a "crime of violence" for the purposes of applying a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii)).

### C. Grounds Three and Four

As noted above, Movant alleges in Grounds Three and Four of the Motion his attorney provided ineffective assistance of counsel. In Ground Three, Movant claims his lawyer failed to investigate the Arizona convictions that were used to enhance Movant's sentence for the illegal re-entry offense. (Doc. 1 at 7) He argues that if his attorney had done so, she would have learned they did not qualify as crimes of violence and a 16-level enhancement would not have been applied. (*Id.*) In Ground Four, Movant claims his counsel allowed him to waive his appeal rights even though he was "actually innocent" of the enhancement. (Doc. 1 at 8) Movant also alleges in Ground Four his counsel "further allowed the use of 2 Recency points and Non-Shepard Approved Police Reports to enhance the Sentence," and failed to challenge Movant's deportation order on due process grounds, among other things. (*Id.*)

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established a two-part test for evaluating ineffective assistance of counsel claims. Under *Strickland*, a petitioner must show that counsel's performance was objectively deficient and counsel's deficient performance prejudiced the petitioner. *Strickland*, 466 U.S. at 687; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999). To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. When reviewing counsel's performance, a court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id*. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*., 466 U.S. at 689.

To establish prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*., 466 U.S. at 694; *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). A court may proceed directly to the prejudice prong without first addressing the deficient

performance prong. *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000) (citing *Strickland*, 466 U.S. at 697). A court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155.

The *Strickland* test applies to a defendant's challenge of his guilty plea based upon ineffective assistance of counsel. *Washington v. Lampert*, 422 F.3d 864, 872 (9th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)). In such a context, "the ineffectiveness inquiry probes whether the alleged ineffective assistance impinged on the [petitioner's] ability to enter an intelligent, knowing and voluntary plea of guilty." *Lambert v. Blodgett*, 393 F.3d 943, 980 (9th Cir. 2004).

Here, Movant's ineffective-assistance-of-counsel claims are based on the same factual inaccuracies as the claims in Grounds One and Two. Based on Movant's mistaken assumption his Arizona convictions were deemed "crimes of violence" and, as a result, a 16-level increase was added to his Guideline offense level, Movant faults his lawyer for failing to properly inquire about his convictions and learn they were not crimes of violence. As discussed above with regard to Ground Two, a 16-level increase was not applied to Movant's Guideline calculation and the PSR expressly states Movant's Arizona convictions were not crimes of violence. Accordingly, Movant's allegation of deficient performance in Ground Three is without a factual basis. Moreover, given a 16-level enhancement was not applied, Movant can show no prejudice resulting from the alleged deficient performance.

Likewise, in Ground Four, Movant's claim his lawyer allowed him to waive his right to appeal is inaccurate given Judge Kornmann's explanation at the sentencing hearing that Movant retained his right to appeal. Ultimately, given Judge Kornmann's rejection of the plea agreement, there was no waiver of the right to appeal. Thus, even if Movant had demonstrated deficient performance by his lawyer regarding Movant's waiver-of-appeal rights during the change of plea proceeding, which he did not, Movant cannot show prejudice in light of the fact Movant's right to appeal was restored at the sentencing hearing.

Additionally, Movant's other allegations of ineffective assistance in Ground Four are conclusory and without any factual support. It is well-settled that "[c]onclusory allegations

[of ineffective assistance of counsel] which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994); *see also Strickland*, 466 U.S. at 690 (a petitioner "making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment"). Movant's assertions his counsel allowed an improper use of police reports, failed to challenge the deportation order, and failed to move the Court to apply the Rule of Lenity are unsupported by any facts in the Motion and do not merit consideration.

For these reasons, the undersigned Magistrate Judge finds Movant's ineffective-assistance-of-counsel claims are without merit and will, therefore, recommend that Grounds Three and Four be denied.

### III. Conclusion

Based on the findings herein that Movant's claims in Grounds One, Two, Three and Four are without merit, the undersigned Magistrate Judge will recommend the Motion be denied. *See, e.g., United States v. Ajiatas-Mazariegos*, 487 Fed.Appx. 360 (9th Cir. 2012) (no error in district court's rejection of plea agreement or sentencing calculation when defendant elected to proceed to sentencing after pleading guilty to illegal reentry after removal in violation of 8 U.S.C. § 1326(a)).

**IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, doc. 1, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This report and recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 10th day of June, 2013.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge